```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Boards of Trustees of the     :
Ohio Laborers' Fringe
Benefit Programs,             :

    Plaintiffs,           :

  v.                          :     Case No. 2:05-cv-0216

Environmental Affairs         :     MAGISTRATE JUDGE KEMP
Management, Inc., et al.,
                              :
    Defendants.

<u>OPINION AND ORDER</u>

    This matter is before the Court on a motion to withdraw as counsel filed by defendants' attorney, Steven W. Mastrantonio. For the following reasons, the motion to withdraw will be denied.

I.

    In support of his motion, Mr. Mastrantonio filed an affidavit stating, in pertinent part:

> I am seeking permission of the Court to withdraw as counsel for Defendants Environmental Affairs Management, [I]nc. and John Braswell. The undersigned seeks to withdraw as counsel due to a failure of communication between counsel and client and the resultant inability of the undersigned to prepare for, carry out and fund the prosecution of this matter that undersigned deems advisable. Specifically, clients have been unable or unwilling to pay for costs, such as those associated with carrying out depositions and securing the issuance of subpoenas. In addition, Defendants have incurred significant legal bills which have not been paid.
>
> Defendants have indicated to the undersigned that they are seeking out alternative counsel.

(Aff. of Steven Mastrantonio, ¶¶ 3-4).  The Court notes that this motion was filed on August 13, 2007 and the case is set for trial on August 27, 2007.

II.

In reviewing whether or not to grant the motion to withdraw, the Court turns to <u>Vachula v. General Elec. Cap. Corp.</u>, 199 F.R.D. 454 (D.Conn. 2000) for guidance.  In <u>Vachula</u>, plaintiff's counsel moved to withdraw, citing, among other things, that his client was difficult to deal with, plaintiff's actions likely compromised the case and plaintiff failed to meet certain financial obligations.  The <u>Vachula</u> trial date was set for May 8, 2000, and plaintiff's counsel moved to withdraw on April 19, 2000.

After citing the Professional Rules of Conduct and several cases from the Court of Appeals for the Second Circuit as well as the Southern and Eastern Districts of New York, the court denied counsel's motion because allowing the counsel to withdraw, on the eve of jury selection, would prejudice the defendants and disrupt the proceeding.  The court stated:

> In deciding whether plaintiff's attorneys should be granted permission to withdraw, this court must consider whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel. Undoubtedly, counsel's withdrawal at this stage will disrupt the proceedings.  The plaintiff indicated that if his attorney's application is granted, he intends to request a continuance.  If the court allows him time to try to retain new counsel, a substantial continuance will be necessitated.
>
> Granting the plaintiff's motion would do more than interrupt only the prosecution of the plaintiff's case - it also would prejudice the defendant.  The defendant's attorney represented in open court that he is concerned that an additional delay will impair his ability to work effectively with certain of the defendant's witnesses.

2

> \*\*\*
>
> In reaching the conclusion that withdraw is inappropriate here, it is helpful to compare this case to cases in which a motion to withdraw was granted. This is not a case where the plaintiff is demanding that his attorney make frivolous claims and arguments.
>
> \*\*\*
>
> This also is not a case where the plaintiff has threatened a legal malpractice action. \*\*\* Moreover, withdrawal is not warranted because of the plaintiff's failures to respond to his attorney's requests for information. This is not a case where the client has refused to answer any of counsel's phone calls or attempts to reach him to discuss the case.

Id. at 458-59 (internal citations and quotations omitted).

In the instant case, like Vachula, this is a situation where the motion to withdraw as counsel was filed on the eve of the trial date. While the Vachula court examined slightly different factors in denying the withdrawal motion, the analysis is essentially the same in this case. Specifically, given the small amount of time between the filing of this motion and the trial date, granting the motion to withdraw would interrupt the prosecution of the plaintiff's case and likely prejudice both parties. Even though the motion states that defendants have been in contact with other attorneys, those attorneys have not entered an appearance, and it is very likely that the first action taken by a new attorney for defendants would be to request a continuance of the trial. The Court further notes that plaintiffs have just filed a motion to hold the defendants in contempt, and the Court has set that motion down for hearing on August 27, 2007. It is likely that defendants will be prejudiced in their ability to defend that motion as well if existing counsel, who is intimately familiar with the details of defendants' efforts to comply with the court order that is the

subject of the motion for sanctions, is permitted to withdraw prior to the contempt hearing.

While the Court is sympathetic to Mr. Mastrantonio's circumstances, the Court notes that the trial date was set on February 9, 2007. This gave Mr. Mastrantonio at least six months to move to withdraw if his clients were failing to pay for their defense or difficult to communicate with. The affidavit does not indicate that these attorney-client problems are new to their relationship; rather, they appear to be on-going because they involve failing to pay for certain discovery costs. For all of the reasons set forth above, the Court will deny the motion to withdraw as counsel.

### III.

Based on the foregoing, the motion to withdraw (doc. #54) is DENIED.

/s/ Terence P. Kemp
United States Magistrate Judge